■ In the Matter of BARBARA LEE, Respondent, v ABRAHAM BIDERMAN, as Commissioner of the City of New York Department of Housing Preservation and Development, et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County (Norman C. Ryp, J.), entered on or about July 13, 1989, which annulled respondents' administrative determinations that petitioner was ineligible for a Senior Citizens' Rent Increase Exemption (SCRIE) order, and remanded the matter to respondents to issue petitioner such an order for January 1, 1987 through September 30, 1988, unanimously affirmed, without costs.

Petitioner has resided by herself in a rent-controlled apartment and, on January 15, 1987, turned 62 years of age. At approximately the same time, she learned from landlord's notice of maximum collectible rent effective January 1, 1987

that her rent of $310.60 in 1986 was increased retroactively to $322.06. She promptly applied for a SCRIE order, which respondents denied on the ground that she was not 62 years old on the date the increase took effect, January 1, 1987.

We agree with Supreme Court that this determination was arbitrary and capricious. Nowhere does the statute require the rent-control tenant-applicant be 62 years old on the effective date of the increase for which an exemption is sought. Here, there is no dispute that petitioner met the three criteria of Administrative Code of the City of New York § 26-405 (m) (2) at the time of her application: that the applicant be 62 years of age or older; that the aggregate household disposable income not exceed $15,000; and that the maximum rent exceed one third of such income. Pursuant to Administrative Code § 26-405 (m) (5), the rent exemption order was therefore to issue and, as petitioner had applied within 90 days of the issuance of a rent increase order, the exemption order was to take effect as of the effective date of the rent increase order (here Jan. 1, 1987, retroactive prior to the time of application and to applicant's 62nd birthday). The amount of the exemption order is fixed by Administrative Code § 26-405 (m) (3) (a), providing in this case that landlord could not collect from tenant rent in excess of the maximum collectible rent in effect on December 31 of the year preceding the effective date of the order. Concur—Sullivan, J. P., Rosenberger, Ellerin, Ross and Smith, JJ.